# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 16-03355-CV-S-BP |
| | ) ) ) | |
| HD AIR, LLC, | ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| VAN BORTEL AIRCRAFT, INC., | ) ) ) | |
| Third-Party Defendant, | ) ) | |
| v. | ) ) | |
| RRR TRANSPORTATION, LLC., | ) ) | |
| Fourth-Party Defendant. | ) | |

**ORDER DENYING PARTIES' CROSS-MOTIONS FOR RECONSIDERATION
OF ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

This case arises from a tax obligation owed by a Puerto Rican entity referred to in the Complaint as "G Z Construction ST, Inc." (Doc. 1, ¶ 4.) As has been discussed previously the correct name for this entity is a matter of uncertainty, and in the interest of clarity the Court will refer to the entity as "GZ."

In this suit, the Government seeks to foreclose on tax liens placed on GZ's property by forcing the sale of a plane formerly owned by GZ. Defendant HD Air currently owns the plane; it bought the plane from Third-Party Defendant Van Bortel Aircraft, ("Van Bortel"), which purchased it from Fourth-Party Defendant RRR Transportation, ("RRR"). HD Air and Van Bortel

jointly filed a Motion for Summary Judgment, and the Government also filed a Motion for Summary Judgment. On April 22, 2019, the Court denied both motions. (Doc. 115.) Subsequently, HD Air and Van Bortel filed a Motion for Reconsideration, (Doc. 116), and the Government filed its own Motion for Reconsideration. (Doc. 118.) Both motions are **DENIED** because there are unresolved legal and factual issues. This case is set for a bench trial, and the parties may benefit from the Court's views formed after reviewing the parties' arguments and the Record.

A tax delinquency "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to" the taxpayer. 26 U.S.C. § 6321. However, this lien "shall not be valid as against any purchaser until notice of the tax lien is filed . . . ." *Id.* § 6323(a). A purchaser is defined as a person who acquires an interest in property after paying "adequate and full consideration . . . without actual notice" of the tax lien." *Id.* § 6323(h)(6). There appears to be no question that Van Bortel and HD Air qualify as "purchasers" within the meaning of the statute; they paid adequate/full consideration for the plane and had no actual notice of the tax liens. The question is: are they charged with knowledge of the tax liens because they were filed?

By decreeing that tax liens are not valid against purchasers before the lien is filed, Congress clearly sought to protect purchasers who pay value to acquire property, unaware that the Government has a lien on it.[1] But the underlying assumption is that the Government's filing of a tax lien serves as a means for the public to learn that the tax lien exists. In this case, there is a serious question as to whether the public could have found the tax lien, which causes the Court to

---

[1] This was not always the case. Before 1913 "[a]n unrecorded tax lien against a delinquent taxpayer's property was valid even against a bona fide purchaser who had no notice of the lien." *United States v. Estate of Romani,* 523 U.S. 517, 523 (1998).

hesitate to award judgment to the Government.  On the other hand, there is a serious question as to whether this concern plays a role in the case given that it does not appear that Van Bortel or HD Air attempted to find out if there was a tax lien.  Neither of these issues has been fully addressed by the parties.

First, with respect to the Government's position: it appears that Van Bortel and HD Air had no dealings with GZ.  This raises a question: how were they to know that GZ ever owned the plane?  Without this knowledge there would be no reason for either of them to ascertain whether there was a tax lien on GZ's property.  The Government suggests that this inquiry does not matter because all that is important is whether the tax lien was properly filed.  (*E.g.,* Doc. 120, p. 3.)  However, as discussed in the Court's Order denying summary judgment, it is not clear that the tax liens were filed under GZ's actual name – which is particularly important given that a search for the tax liens requires the searcher to use the taxpayer's complete name without the use of wildcards or extensions in the search terms.  (*See* Doc. 115, pp. 2-3, 7 & n.1 (identifying GZ's possible corporate names and the names used on the tax liens and discussing the requirements for searching for tax liens based on the taxpayer's name).)  Regardless, even if the tax liens were filed properly, the Government cites no law for the broad proposition that it is sufficient to simply file a tax lien and that the public's ability to actually *find* the tax lien is irrelevant.  The unanswered question is: can a purchaser be charged with constructive knowledge of filed tax liens if the purchaser does not know, and has no way of finding out, that the taxpayer ever owned the property being purchased?

In this regard, it has been suggested that Van Bortel and HD Air could be charged with knowledge that GZ owned the plane because of the FAA registry, which records all conveyances, leases, and security instruments on aircraft.  However, as discussed previously, (Doc. 115, pp. 4, 8), there is a question of fact as to whether a search for tax liens using the names from the FAA

registry would have divulged the tax liens.[2]  Thus, it remains unclear (1) whether the tax liens were properly filed, (2) whether a purchaser's inability to find the tax liens is legally (ir)relevant, and (3) whether a purchaser could find these tax liens.[3]

On the other hand, the Government raises a cogent point: there is no indication that Van Bortel or HD Air ever *tried* to ascertain whether a tax lien existed.  There is no evidence that either of them consulted the FAA registry, found the names of the prior owners, and attempted to find out whether a tax lien existed.  That being the case, it may be that they are not entitled to the benefit of any flaws in the registration of the liens, and that they are unable to claim any benefit from their ignorance of GZ's prior ownership.  The Court acknowledges Van Bortel's and HD Air's argument that any attempt to find the tax liens would have been futile, but they have provided no legal support for their argument.

In conclusion: on one hand, it may have been impossible for a prospective purchaser to ascertain whether a tax lien existed – either because the tax liens were not filed under GZ's proper name or because the purchasers would not have known that GZ ever owned the plane – which raises a question as to whether a purchaser can be charged with knowledge of the tax liens.  On the other hand, there is no indication that any such failings had any effect in this case because Van Bortel and HD Air may not have even tried to find out who the prior owners were or whether tax

---

[2] In its Motion for Summary Judgment the Government argued that the tax liens could have been found based on GZ's EIN number.  However, the only possible way for Van Bortel or HD Air to have found GZ's EIN number was if it appeared in the FAA registry; the Court reviewed the registry and was unable to find the EIN number. (Doc. 115, p. 9.)  In seeking reconsideration, the Government acknowledges that it "failed to provide a pinpoint cite" to the page containing GZ's EIN number and now reports that it is on page 26 (or USA 00067) of the FAA record (which consists of 31 pages). (Doc. 112-7.)  The EIN number appears on page 26 as part of GZ's President's signature block.  The Court is not persuaded that this fact justifies summary judgment given that a reasonable purchaser would likely have relied on GZ's name, which is prominently found throughout the Record, and not on the inconspicuous EIN number buried in the midst of a document in the midst of the FAA registry.  The Court further observes that it could not find the EIN number despite specifically trying to find it when considering the parties' summary judgment motions – making it difficult to fault prospective purchasers for failing to find it.

[3] It should be noted that it does not appear that a tax lien can be filed (or found) based on an airplane's serial number.

4

liens existed. And, the Court has been given very little legal guidance with respect to these considerations. Therefore, the Motions for Reconsideration are **DENIED**.

**IT IS SO ORDERED.**

Date: <u>June 24, 2019</u>

<u>/s/ Beth Phillips</u>
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT